M. J. Jones, plaintiff in error, vs. A. C. McGehee et al., defendants in error.

By two judges.—When a fi. fa. founded on a debt due before June, 1865, was about to proceed to levy, and the plaintiff, in lieu of the affidavit required by the 5th section of the Act of October, 1870, filed an affidavit that the judgment, which was in his own name, as well as the debt on which it was founded, belonged, in fact, to one who was a minor, and who continued a minor until the spring of 1870, and the levy being made, the Judge of the Superior Court, on motion, dismissed the same:

Held, That the affidavit did not show that the note belonged to one who was a minor at the date of the Act, and that there was no error in dismissing the levy.   5th March, 1872.

Taxes.   Relief Act of 1870.   Minors.   Before Judge Johnson.   Muscogee Superior Court.   May Term, 1871.

In July 1870 a fi. fa. was issued in favor of M. J. Jones, upon a judgment obtained in 1870 against McGehee et al. On the 20th of October, 1870, Jones made an affidavit that said fi. fa. belonged to his ward, Ella S. Jones, and was founded upon a note bought by him as such guardian in 1860, and said note was ever since held by him as such guardian, and that Ella was a minor till the spring of 1870. This affidavit was attached to the fi. fa., and it was then levied upon defendant's property. They filed no counter-affidavit. A motion was pending in said Court to set-off certain losses of defendants against this judgment under the Relief Act. When it was called, though Jones was ready to prove the facts stated in his affidavit, upon motion of defendant's counsel, the Court dismissed the levy because Jones had filed no affidavit of having paid all taxes due on said debt as required by the Relief Act of 13th October, 1870. This is assigned as error.

Peabody & Brannon, for plaintiff in error.

Blanford & Thornton; J. M. Russell, for defendants.

McCay, Judge.

It would be stretching the fourteenth section of the Act of October 13th, 1870, very far, to say that by widows or minors was meant any who had at any time been widows or minors. It is giving the Act perhaps a fair construction to say that by widows and minors it means such as were widows or minors at the date of the Act. This is going as far as we feel inclined to do.

Under this rule, the judgment must be affirmed, since the proof shows that the equitable owner was not a minor at the date of the Act.

Judgment affirmed.